UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
 ------------------------------------------------------------------- X

RYAN INGLIMA, on behalf of himself and others
similarly situated,

                              Plaintiff,                    **Case No. 20-cv-4195**

                       -against-                    **CLASS ACTION**
                                                      **COMPLAINT**

INTERNATIONAL ASSOCIATION OF SHEET METAL
AIR, RAIL AND TRANSPORTATION WORKERS       **JURY DEMAND**
UNION; STATEN ISLAND RAPID TRANSIT
OPERATING AUTHORITY; SMART VOLUNTARY
SHORT TERM DISABILITY PLAN TRUST; JOHN DOE
AND JANE DOE, as TRUSTEES OF SMART
VOLUNTARY SHORT TERM DISABILITY PLAN
TRUST; and the UNITED TRANSPORTATION UNION
INSURANCE ASSOCIATION,

                                Defendants.

 ------------------------------------------------------------------- X

       Plaintiff Ryan Inglima, on behalf of himself and others similarly situated, by his attorneys,

Advocates for Justice, Chartered Attorneys, as and for his Complaint against Defendants

International Association of Sheet Metal, Air, Rail and Transportation Workers Union

("SMART"), Staten Island Rapid Transit Operating Authority, SMART Voluntary Short Term

Disability Plan Trust, John and Jane Doe as Trustees of SMART Voluntary Short Term Disability

Plan Trust, and the United Transportation Union Insurance Association, alleges as follows:

## JURISDICTION AND VENUE

       1.      This court has subject matter jurisdiction over this action pursuant to (a) 28 U.S.C.

§ 1331, which provides for federal jurisdiction over civil actions arising under the laws of the

United States, including ERISA and 29 U.S.C. § 1132(e)(1) providing for federal jurisdiction of

actions brought under Title I of ERISA; Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rules 58 and 65 of the Federal Rules of Civil Procedure.

2.      ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) provides for nationwide service of process. Upon information and belief, Defendants are residents of the United States, and do business in the Eastern District of New York, making venue in this Court proper. and subject to service in the United States, and this Court therefore has personal jurisdiction over them.

3.      Pursuant to 28 U.S.C. §1367(a), the Court has supplemental jurisdiction over the Plaintiff's state law claims in this action.

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the acts or omissions giving rise to the claim occurred in this district.

## PARTIES

5.      Plaintiff Ryan M. Inglima is a resident of Staten Island and is, and was at all relevant times, an employee of Defendant Staten Island Rapid Transit Authority ("SIRTOA") and represented by Defendant International Association of Sheet Metal, Air Rail and Transportation Workers ("SMART") for purposes of collective bargaining. He is a member of SMART Transportation Division ("SMART-TD").

6.      Defendant SIRTOA is a public benefit corporation established pursuant to § 1266 (subd. 5) of the Public Authorities Law, and is a subsidiary of the Metropolitan Transportation Authority ("MTA") charged with the operation of Staten Island's commuter rail line. SIRTOA maintains a business address at 2 Broadway, New York, NY, 10004.

7.      Defendant SMART, a 203,000 member union representing sheet metal workers, service technicians, bus operators, engineers, conductors, sign workers, welders, production

employees and more, is headquartered in Washington D.C. and Cleveland, OH, and is the sponsor of a Voluntary Short Term Disability welfare benefit plan ("VSTD Plan") to provide short term disability and long term disability benefits to SMART-TD members. Defendant SMART maintains a business address at 1750 New York Avenue, NW, 6th Floor, Washington, D.C. 20006.

8.      Defendant SMART VSTD Trust ("VSTD Trust") is a Trust established by the Trust Agreement providing for the establishment and maintenance of the VSTD Plan. The VSTD Trust maintains a business address at 1750 New York Avenue, NW, Washington, D.C. 20006, and an address at c/o Marc H. Rifkind, Slevin & Hart, P.C., 1625 Massachusetts Ave., N.W., Suite 450, Washington, D.C. 20036 for service of process.

9.      Defendant JOHN and JANE DOE are members of the SMART VSTD Board of Trustees ("VSTD Trustees"), were appointed by SMART to be the Trustees of the VSTD Plan and are fiduciaries of the VSTD Trust. The VSTD Trustees maintains a business at 1750 New York Avenue, NW, Washington, D.C. 20006 and an address at c/o Marc H. Rifkind, Slevin & Hart, P.C., 1625 Massachusetts Ave., N.W., Suite 450, Washington, D.C. 20036 for service of process.

10.      Defendant United Transportation Union Insurance Association ("UTUIA") is an insurance company, upon information and belief, wholly owned by SMART, which sells insurance through the VSTD Trust.  UTUIA maintains a business address at 24950 Country Club Blvd., Ste. 340, North Olmsted, OH 44070-5333.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

11.      Defendant SMART sponsors the VSTD Plan through which it, through the UTUIA, self-insures short-term disability benefits for SMART-TD members.

12.     The provisions of the VSTD Plan are set forth in an Amended and Restated Plan Document dated April 1, 2016 ("VSTD Plan Document"), and the Rail Summary Plan Description ("VSTD Summary")(collectively "VSTD Plan Documents").

13.     The VSTD Plan is established and maintained by the VSTD Trust pursuant to a trust agreement.

14.     The VSTD Trust is operated by the VSTD Trustees, who are, upon information and belief, Mr. Joseph Sellers, Jr., Mr. Richard McClees, Mr. John Previsich.

15.     Upon information and belief, VSTD Trust and VSTD Trustees engage a vendor as administrator of the VSTD Plan.

16.     All active, dues paying SMART-TD Members are eligible for benefits under the VSTD Plan if they do not waive coverage.

17.     Defendant SMART automatically enrolls all SMART-TD members in the VSTD Plan, and charges SMART-TD Members a monthly assessment ("Monthly Fee") for the plan benefits.

18.     The Monthly Fee amount is determined by the VSTD Trustees.

19.     SMART-TD members can waive or opt-out VSTD Plan coverage by submitting a "waiver form."

20.     Defendant SIRTOA automatically deducts the Monthly Fee from the paychecks of SMART-TD members who do not opt-out of the VSTD Plan.

21.     At all relevant times, the Monthly Fee was thirty-four and a half ($34.50) dollars.

22.     At all relevant times, eligible employees were entitled to a maximum VSTD benefit of four hundred and fifty ($450) dollars per week and a minimum of fifty ($50) dollars per week.

23.     At all relevant times, eligible employees were entitled to receive benefits for a period of up to 34 weeks.

24.     Plaintiff is, and at all relevant times has been, employed by Defendant SIRTOA as a track worker.

25.     Plaintiff is, and at all relevant times has been, represented by Defendant SMART for the purposes of collective bargaining and is a member of SMART-TD.

26.     Plaintiff is, and at all relevant times has been, enrolled in the VSTD Plan.

27.     Plaintiff is, and at all relevant times was, an Eligible Member eligible to receive VSTD benefits.

28.     Plaintiff did not opt out of VSTD benefits.

29.     At hiring, Defendant SMART represented to Plaintiff, and others similarly situated, that they were entitled to VTSD Plan benefits for on and off the job disabilities resulting from accidents or sickness.

30.     Plaintiff was injured at work on or about March 5, 2020 and certified as disability by a physician.

31.     Plaintiff completed and submitted the required application form provided by Defendant SMART to make a claim for VSTD benefits on or about March 26, 2020.

32.     On or about April 2, 2020, Plaintiff contacted VSTD Plan to determine the status of his claim. He spoke with a customer service agent who represented that she worked for a third-party administrator and was acting at the direction of Defendant SMART, Defendant VSTD Trust and/or Defendant VTSD Trustees.

33.     The VSTD Plan representative then informed Plaintiff that his claim was denied because he was being paid sick leave benefits by Defendant SIRTOA, and that employees paid by their employer are not entitled to VSTD Plan benefits.

34.     The VSTD Plan representative also accused Plaintiff of attempting to "double dip," even though Plaintiff was an eligible member and submitted a proper claim for benefits in accordance with the statement of plan benefits that he had received.

35.     The VSTD Plan representative admitted that no letter regarding denial of benefits was mailed to Plaintiff.

36.     To date, Plaintiff has not received a written denial of benefits.

37.     The VSTD Plan representative then advised Plaintiff to contact Defendant SMART's insurance carrier, United Transportation Union Insurance Association ("UTUIA"), for all other questions.

38.     Plaintiff spoke to another VSTD Plan representative, who stated that VSTD Plan benefits are a "loan" and must be paid back; this representation also ran contrary to all the details previously provided to Plaintiff about the VSTD Plan by Defendant SMART.

39.     Plaintiff subsequently contacted UTUIA through his union representative.

40.     In response, Christian Fly, a UTUIA field supervisor, stated that if a member is claiming disability from a job-related injury, that injury "falls under Workman's Compensation," and the member does not have a valid claim to VSTD Plan benefits.

41.     This representation is also contradicted by the VSTD Plan documents and the representations made by Defendant SMART before Plaintiff decided not to opt out of the Plan.

42.     Plaintiff then contacted Chris Malley, a UTUIA filed supervisor, who represented that the VSTD Plan does not cover MTA employees (including Defendant SIRTOA employees),

and stated that that Defendant SMART should not have enrolled SIRTOA employees in the VSTD Plan, and that an employee who receives New York State and/or New York City Workers Compensation benefits is not eligible for VSTD Plan benefits.

43.    These representations also were contrary to the VSTD Plan documents and the representations made by Defendant SMART before Plaintiff decided not to opt out of the Plan.

## CLASS ACTION ALLEGATIONS

44.    Plaintiff brings this action as a class action pursuant to Rule 23(b)(1), (2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of himself and the class defined as follows: All individuals who are employed by SIRTOA and are enrolled in the VSTD Plan. Plaintiff reserves the right to redefine the Class prior to certification.

45.    Plaintiff will seek class certification, and seek recovery for losses and other available relief, for breach of the Plan, breaches of fiduciary duty, and prohibited transactions occurring within the entire period allowable under the law, including fraud.

46.    This action is brought, and may properly be maintained, as a Class Action pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, typicality, adequacy, predominance, and superiority requirements of those provisions.

47.    The class is so numerous that the individual joinder of all of its members is impracticable. Plaintiff believes that the total number of class members is in the hundreds. While the exact number and identities of the class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.

48.    Plaintiff's claims are typical of the claims of the members of the class because Plaintiff's claims, and the claims of all class members, arise out of the same conduct, policies and

practices of Defendants as alleged herein, and all members of the class are similarly affected by Defendant's wrongful conduct.

49.    There are questions of law and fact common to the class and these questions predominate over questions affecting only individual class members. Common legal and factual questions include, but are not limited to:

(a)  Whether Defendants are fiduciaries under ERISA;

(b)  Whether Defendants are parties in interest under ERISA;

(c)  Whether Defendants breached their fiduciary duties in failing to comply with ERISA as set forth above;

(d)  Whether Defendants knowingly participated in and/or knew or had constructive knowledge of violations of ERISA, including breaches of fiduciary duty;

(e)  Whether Plaintiff and the members of the class have sustained losses and/or damages and/or Defendants have been unjustly enriched, and the proper measure of such losses, and/or damages, and/or unjust enrichment; and

(f)  Whether Plaintiff and the members of the class are entitled to declaratory and/or injunctive relief.

50.    Plaintiff will fairly and adequately represent the class and has retained counsel experienced and competent in the prosecution of class action litigation. Plaintiff has no interests antagonistic to those of other members of the class. Plaintiff is committed to the vigorous prosecution of this action and anticipates no difficulty in the management of this litigation as a class action.

51.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

52.    Class action status is also warranted under Rule 23(b)(1)(A) because prosecution of separate actions by the members of the class would create a risk of establishing incompatible standards of conduct for Defendants.

53.    Class action status in this ERISA action is warranted under Rule 23(b)(1)(B) because prosecution of separate actions by the members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of the other members not parties to the actions, or substantially impair or impede their ability to protect their interests.

54.    Class action status in this action is warranted under Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the class as a whole.

55.    Class action status in this action is warranted under Rule 23(b)(3) because questions of law or fact common to members of the class predominate, and class action treatment is superior to the other available methods for the fair and efficient adjudication of this controversy. Joinder of all members of the class is impracticable.

## AND AS FOR A FIRST CAUSE OF ACTION
### (ERISA § 502(a)(1)(B) – Denial of Benefits)

56.    The allegations contained in paragraphs above are incorporated by reference as though fully set forth herein.

57.    At all relevant times, Plaintiff paid a monthly premium for coverage under the VSTD Plan.

58.    Plaintiff was injured and suffered a temporary disability in March 2020.

59.     Thereupon, Plaintiff was entitled to receive VSTD Plan benefits as described in the VTSD Plan documents.

60.     Plaintiff properly made a claim for benefits under the VSTD Plan in compliance with all plan procedures.

61.     Plaintiff completed and submitted the required form provided by SMART to claim VSTD benefits.

62.     In violation of plan documents and ERISA requirements, VTSD Plan Trust and UTUIA did not provide Plaintiff with a written denial in response to his claim for benefits.

63.     In violation of plan documents and ERISA requirements, VTSD Plan Trust and UTUIA denied benefits to Plaintiff.

64.     As a result, Plaintiff, and members of the class have suffered monetary losses has been injured in an amount to be determined at trial.

## AND AS FOR A SECOND CAUSE OF ACTION
### (ERISA § 502(a) – Breach of Fiduciary Duty)

65.     The allegations contained in paragraphs above are incorporated by reference as though fully set forth herein.

66.     VSTD Trustees are fiduciaries of the VSTD Trust responsible for the proper management, administration, and investment of plan assets.

67.     VSTD Trustees were acting in their fiduciary capacity when they exercised their authority to use plan funds to administer a VSTD Plan that did not cover SIRTOA employees.

68.     VSTD Trustees breached their fiduciary duty by allowing Plaintiff and others similarly situated by misleading them into paying a monthly premium for VSTD Plan coverage, and they were harmed because SIRTOA employees are not entitled to VSTD Plan benefits.

69.     VSTD Trustees breached their fiduciary duty by allowing Plaintiff and others similarly situated by misleading them into paying a monthly premium for VSTD Plan coverage, including coverage for an injury on duty, and they were harmed because employees are not entitled to VSTD Plan benefits if they are receiving New York State Workers Compensation benefits.

70.     As a result, Plaintiff, and members of the class have suffered monetary losses has been injured in an amount to be determined at trial.

## AND AS FOR A THIRD CAUSE OF ACTION
### (ERISA § 502(a)(3) – Knowing Participation
### in Violations of ERISA)

71.     The allegations contained in paragraphs above are incorporated by reference as though fully set forth herein.

72.     VSTD Trustees breached their fiduciary duty to Plaintiff and other plan participants.

73.     SMART knew that VSTD Trustees activity by accepting plan premiums from participants who were not entitled to benefits was improper.

74.     SMART participated in VSTD Trustees improper activity by automatically enrolling Plaintiff and other SIRTOA employees in the VSTD Plan.

75.     SIRTOA knew that VSTD Trustees activity was improper activity by accepting plan premiums from participants who were not entitled to benefits was improper.

76.     SIRTOA participated in VSTD Trustees improper activity by automatically deducting VSTD Plan premiums payments from Plaintiff's pay check and the pay checks of other SIRTOA employees enrolled in the VSTD Plan, causing Plaintiff, and members of the class to suffer monetary losses in an amount to be determined at trial.

## AND AS FOR A FOURTH CAUSE OF ACTION
### (Fraud and Fraudulent Concealment – NY State Law)

77.     The allegations contained in paragraphs above are incorporated by reference as though fully set forth herein.

78.     In VSTD Plan documents, SMART and VSTD Trust misrepresented to members that were entitled to a disability benefits if they became disabled as a result of on or off the job accidents or sicknesses.

79.     SMART and VSTD Trust knew or should have known SIRTOA employees and employees receiving Workers Compensation benefits from New York State are not eligible for benefits under the VSTD Plan.

80.     SMART nevertheless automatically enrolled Plaintiff, and members of Plaintiff's Class in the VSTD Plan and arranged with SIRTOA for the automatic deduction of monthly premiums from Plaintiff's paycheck and the paychecks of members of Plaintiff's class.

81.     VSTD Trust accepted payment of monthly premiums from Plaintiff and other SIRTOA employees.

82.     SMART undertook these actions with the intent to make membership in its union seem more appealing, and in order to dissuade members from opting out of union membership and/or the VSTD Plan.

83.     VSTD Trust undertook these actions with the intent of wrongly increasing funds in the VSTD Trust.

84.     Plaintiff and other dues paying SMART members (Plaintiff's Class) reasonably relied on the promises of disability benefits by SMART and VSTD Trust in choosing to maintain their union membership and enrollment in the VSTD Plan.

85.     SMART and VSTD Trust had a duty to disclose truthful information to Plaintiff and other dues paying members.

86.     Plaintiff and other dues paying SMART members reasonably expected that SMART and VSTD Trust would not misrepresent material facts regarding the VSTD plan.

87.     If Plaintiff and other dues paying SMART members were aware they were not entitled to benefits, they would have opted out of the VSTD Plan.

88.     As a result, Plaintiff, and members of the class have suffered monetary losses has been injured in an amount to be determined at trial.

### AND AS FOR A FIFTH CAUSE OF ACTION
**(Negligent Misrepresentation– NY State Law)**

89.     The allegations contained in paragraphs above are incorporated by reference as though fully set forth herein.

90.     As a member of a Union that represents Plaintiff for purposes of negotiation of contracts and collective bargaining, Plaintiff and SMART have a special, or privity-like relationship, which imposes a duty on SMART to impart correct information to the Plaintiff, and not arrange for the unlawful payment of insurance premiums.

91.     SMART disseminated incorrect information to its membership about VSTD Plan coverage.

92.     Plaintiff and other dues paying members of SMART (the Class) reasonably acted to their detriment based on the information.

93.     As a result, Plaintiff, and members of the class have suffered monetary losses has been injured in an amount to be determined at trial.

## AND AS FOR A SIXTH CAUSE OF ACTION
### (Unjust Enrichment– NY State Law)

94.     The allegations contained in paragraphs above are incorporated by reference as though fully set forth herein.

95.     When Plaintiff paid premiums to VTSD Trust for disability benefits not available to him, VTSD Trust was enriched at Plaintiff's expense.

96.     Under these circumstances, it is against equity and good conscience to permit the VTSD Trust to retain the premiums paid by Plaintiffs and members of the Class.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays that judgment be entered against defendants jointly and severally:

A.      Certifying a class action and appointing Plaintiff and the counsel listed below to represent the class;

B.      Declaring that Defendants are fiduciaries or parties in interest for the purposes of ERISA and other legal liability;

C.      Declaring that Defendants violated their fiduciary duties of loyalty and prudence to class members and awarding Plaintiff and class such relief as the Court deems proper;

D.      Awarding Plaintiff and the class damages, surcharge, and/or other monetary compensation as deemed appropriate by the Court;

E.      Ordering Defendants to restore all losses to Plaintiff and the class, and disgorge unjust profits and/or other assets of the ERISA Plans;

F.      Ordering other such remedial relief as may be appropriate under ERISA, including the permanent removal of Defendants from any positions of trust with respect to the ERISA Plans

of the members of the class and the appointment of independent fiduciaries to serve in the roles

Defendants occupied with respect to the ERISA Plans of the class including VSTD Trustees;

G.      Awarding Plaintiff and the Class monetary and equitable relief to the extent

permitted by the above claims;

H.      Awarding Plaintiff's counsel attorneys' fees, litigation expenses, expert witness

fees and other costs pursuant to ERISA § 502(g)(1), 29 U.S.C. 1132(g)(1), and/or the common

fund doctrine, or as otherwise permitted by law;

I.      Granting Plaintiff and the class such other and further relief as the Court deems

proper and just.

Dated: New York, New York
       September 3, 2020

                                      ADVOCATES FOR JUSTICE
                                      CHARTERED ATTORNEYS
                                      Attorneys for Plaintiffs

                                      By: /s/ *Laine Alida Armstrong*
                                      Laine Alida Armstrong
                                      Arthur Z. Schwartz
                                      225 Broadway, Suite 1902
                                      New York, New York 10007
                                      (212) 285-1400
                                      laine@advocatesny.com